*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 21, 2016                521106
_____

In the Matter of RYDELL LEWIS,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  March 24, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

                    _____

        Rydell Lewis, Sonyea, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady
of counsel), for respondent.

                    _____

Devine, J.

        Appeal from a judgment of the Supreme Court (McNamara, J.),
entered May 12, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to, among other things, compel respondent to re-
release petitioner to parole supervision upon the expiration of
his time assessment.

        In August 2006, petitioner was released to parole
supervision.  He was subsequently declared delinquent and,
following a parole revocation hearing, his parole was revoked and
a 24-month time assessment was imposed, which was set to expire
on August 21, 2009.  He was scheduled to appear before the Board
of Parole in April 2009.  Prior to that appearance, he received a

release decision notice from the Board dated March 31, 2009 that purportedly approved his re-release to parole supervision on September 28, 2009.[1]

Despite this notice, petitioner appeared before the Board for a parole violation reappearance interview in April 2009. At the conclusion of the interview, the Board determined that he should not be re-released to parole and scheduled him to reappear in April 2011. His administrative appeal was unsuccessful. Petitioner subsequently appeared before the Board in 2011 and 2013 and was denied parole release on both occasions.[2]

Thereafter, petitioner wrote letters to various individuals seeking to have his parole records corrected to reflect that he should have been re-released to parole upon the expiration of his time assessment. He then commenced this CPLR article 78 proceeding seeking the same relief and also to compel respondent to re-release him to parole given that his time assessment had expired. Supreme Court denied respondent's motion to dismiss the petition but, following joinder of issue, dismissed the petition. This appeal ensued.

Petitioner contends that, pursuant to Executive Law § 259-i (3) (f) (x), he should have been re-released to parole supervision in 2009 upon the expiration of his time assessment because he had not committed a serious disciplinary infraction since his return to custody.[3] Executive Law § 259-i (3) (f) (x), as it existed in 2009, allowed the Board to suspend the date of a parole violator's re-release "based on the violator's

_____

[1] Respondent concedes that petitioner's earliest release date of September 28, 2009 was error and that his earliest release date was August 21, 2009, the expiration of his time assessment.

[2] Petitioner also appeared at a parole interview in April 2015 at which time he was again denied release.

[3] This is essentially what was provided for in the March 31, 2009 notice.

institutional record or on such other basis as is authorized by the rules and regulations of the [B]oard" (Executive Law § 259-i former [3] [f] [x]; see L 1989, ch 73, § 1; see also L 2011, ch 62, part C, subpart A, § 38-f-1). Notably, the pertinent regulations provide that the Board may decline to re-release a parole violator upon the expiration of his or her time assessment if "the [B]oard receives any information that supports a reasonable conclusion that the parole violator may not be suitable for re-release" (9 NYCRR 8002.6 [c] [1] [iv]).[4] In its April 2009 decision denying petitioner parole release, the Board took into account his refusal to participate in aggression replacement training, as well as his admission to potentially repeating prior violent behavior. This decision superceded the March 31, 2009 notice that was, in any event, subsequently voided by respondent. Inasmuch as there was no violation of Executive Law § 259-i former (3) (f) (x), petitioner was not entitled to be re-released upon the expiration of his time assessment (see People ex rel. McChesney v Portuondo, 238 AD2d 636, 636 [1997]).

Petitioner's remaining arguments are without merit. Accordingly, the petition was properly dismissed.

McCarthy, J.P., Egan Jr., Rose and Clark, JJ., concur.

---

[4] These regulations were not amended following the 2011 amendments to Executive Law § 259-i (3) (f) (x).

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court